[Civ. No. 11-1083 Dkt. Nos. 143, 144, 148, 149]
[Civ. No. 14-1611 Dkt. Nos. 34, 37, 41, 42]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JENNIFER L. KASILAG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, <br><br> Defendant. | Civil No. 11-1083 (RMB/KMW) |
| JENNIFER L. KASILAG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD FUNDS MANAGEMENT COMPANY, LLP, <br><br> Defendant. | Civil No. 14-1611 (RMB/KMW) <br><br> **ORDER** |

THIS MATTER having come before the Court upon the filing of eight motions in the above-captioned cases by Hartford Investment Financial Service, LLC; Hartford Funds Management Company (together with Hartford Investment Financial Service, LLC, the "Hartford Defendants"); Wellington Management Company, LLP; Wellington Management Group, LLP (together with Wellington Management Company, LLP, "Wellington"); and all individual plaintiffs in this matter (the "Plaintiffs"); and

THE COURT having read and considered the filings by each party and all other materials of record; and

FOR THE REASONS set forth in the accompanying Opinion,

IT IS HEREBY on this **24th** day of **March 2016**,

**ORDERED** that Wellington's motions to intervene for purposes of sealing, [Civ. No. 11-1083 Dkt. No. 149, Civ. No. 14-1611 Dkt. No. 42], are **GRANTED**; and it is further

**ORDERED** that the Hartford Defendants' motions to seal, [Civ. No. 11-1083 Dkt. No. 148; Civ. No. 14-1611 Dkt. No. 41], are **GRANTED**; and it is further

**ORDERED** that the Hartford Defendants' motions for summary judgment, [Civ. No. 11-1083 Dkt. No. 143; Civ. No. 14-1611 Dkt. No. 37], are **GRANTED IN PART** and **DENIED IN PART**.  The Hartford Defendants' motions for summary judgment are **granted** insofar as this Court determines Plaintiffs do not possess standing to proceed with regard to the Small Company Fund and the Floating Rate Fund.  Additionally, the Hartford Defendants' motions for summary judgment are **granted** insofar as they seek a determination that the Board's approval of the mutual fund fees is entitled to "substantial weight."  The Hartford Defendants' motions for summary judgment are **denied** insofar as they seek a determination that, notwithstanding this substantial weight, the mutual fund fees are excessive under Jones v. Harris Assocs.

L.P., 559 U.S. 335 (2010) and Gartenberg v. Merrill Lynch Asset

Management, Inc., 694 F.2d 923 (2d Cir. 1982); and it is further

     **ORDERED** that Plaintiffs' motions for partial summary

judgment, [Civ. No. 11-1083 Dkt. No. 144; Civ. No. 14-1611 Dkt.

No. 34], are **GRANTED IN PART** and **DENIED IN PART**.  The motions

are **granted** insofar as they seek a determination of availability

of post-filing damages.  The motions are **denied** insofar as they

seek a determination of the availability of disgorgement as a

remedy.  Further, the motions are **denied** insofar as they seek a

determination of liability under Section 36(b) of the Investment

Companies Act of 1940; and it is further

     **ORDERED** that the Clerk of the Court shall file the

associated Opinion under seal; and it is further

     **ORDERED** that within ten (10) days of the filing of this

Order, the Hartford Defendants shall file a proposed redacted

version of the Opinion for public access.


                                     s/Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     UNITED STATES DISTRICT JUDGE